UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20323-CR-ALTONAGA

UNITED STATES OF AMERICA

vs.

TIFFANY FOSTER,

        **Defendant.**
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT TIFFANY FOSTER'S AMENDED MOTION TO DISMISS

On November 18, 2014, Defendant Tiffany Foster (the "Defendant") filed an Amended Motion to Dismiss (the "Motion"). *See* DE 173. In the Motion, the Defendant seeks dismissal of Counts 1 and 9 of the Superseding Indictment (DE 142) (the "Indictment") pursuant to the statute of limitations. In support of the Motion, the Defendant argues that she withdrew from the conspiracy[1] no later than March 2008. Because the Indictment charged the Defendant with participating in conspiracies that lasted until at least 2012, and the issues raised by the Defendant are disputed matters of fact, the Motion should be denied.

### FACTUAL BACKGROUND

On September 25, 2014, a federal grand jury sitting in Miami, Florida returned a superseding indictment charging the Defendant and her co-conspirators with participating in a

---

[1] Although Counts 1 and 9 charge the Defendant with participating in separate conspiracies, the Motion only references one general "conspiracy." The government will assume that, for purposes of the Motion, the Defendant's arguments apply to both of the charged conspiracies.

1

scheme to defraud that resulted in the submission of over $67 million in false and fraudulent claims to Medicare for mental health treatment purportedly provided by Hollywood Pavilion, LLC ("HP") at its two locations. *See* DE 142 at 4, 9. Specifically, the Defendant was charged with: (i) conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count 1); and (ii) conspiracy to defraud the United States and pay and receive health care kickbacks, in violation of Title 18, United States Code, Section 371 (Count 9). *See Id.* at 6, 15.

The Indictment describes – in detail – several important facts related to the Defendant's role in each conspiracy. First, in Count 1, the Indictment alleges that the Defendant "was paid bribes and kickbacks by co-conspirators at HP in exchange for referring Medicare beneficiaries to HP's Inpatient Facility, which patients [the Defendant] knew did not need, qualify for, or receive Inpatient Treatment from HP." *Id.* at 8. Second, in Count 9, the Indictment alleges that the Defendant "solicited and received bribes and kickbacks from co-conspirators at HP in return for referring Medicare beneficiaries to HP for mental health treatment." *Id*. at 17. Count 9 also alleges two overt acts committed by the Defendant and several overt acts committed by the Defendant's co-conspirators. *Id.* Finally, the Indictment alleges that the conspiracies identified in Counts 1 and 9 began "in or around at least April 2003 and continu[ed] through in or around at least September 2012." *Id*. at 6, 12.

## LEGAL STANDARD

Resolving "[a] motion to dismiss in [a] criminal case is limited to the four corners of the indictment." *United States v. Berdeal*, 595 F. Supp. 2d 1326, 1328 (S.D. Fla. 2009) (citing *United States v. Salman*, 378 F.3d 1266, 1268 (2004)). "The indictment's allegations are

2

assumed to be true and are viewed in the light most favorable to the government." *Id.* (citing *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). "'There is no summary judgment procedure in criminal cases.  Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. . . .  The sufficiency of a criminal indictment is determined from its face.  The indictment is sufficient if it charges in the language of the statute.'" *Salman*, 378 F.3d at 1268 (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)).

## ARGUMENT

The Motion should be denied for each of the following reasons:

First, since the Indictment charges the Defendant with participating in two conspiracies lasting until at least September 2012, the government had until at least **September 2017** to bring Counts 1 and 9 against the Defendant.  *See* 18 U.S.C. § 3282 (applicable statute of limitations is five years).  Since the Indictment was returned against the Defendant well within the applicable statute of limitations, the Motion should be denied.

Second, the Motion should be denied because the Defendant's withdrawal arguments raise disputed questions of fact, which are reserved for a jury, and not Rule 12(b) motions to dismiss.  *See e.g., United States v. Gardley*, 2013 WL 4786208 at *3 (D. Nev. September 5, 2013) ("Although the Court may make preliminary findings of fact necessary to decide the legal questions presented by [a motion to dismiss], the Court may not 'invade the province of the ultimate finder of fact.'") (internal citation omitted).  The proper inquiry for deciding a motion to

dismiss is whether or not the Indictment sufficiently charges the Defendant with criminal conduct.[2] *See e.g., United States v. Critzer*, 951 F.2d 306, 307-08 (11th Cir. 1992).

Instead, the Defendant argues, in conclusory fashion, that "It is undisputed that Tiffany communicated here [*sic*] withdrawal from the conspiracy to its members on September 13, 2005, and that she fully confessed her involvement in March of 2008 to the FBI." Motion at 5. This is simply not the case. The government *disputes* the assertions made by the Defendant, and intends to offer evidence at trial proving them to be false.

As the Supreme Court recently reaffirmed in *Smith v. United States*, withdrawal is an affirmative defense whose burden "rest[s] firmly on the defendant."[3] 133 S. Ct. 714, 719 (2013). As an affirmative defense, the absence of withdrawal is not an element that needs to be pled in the Indictment. "It has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses. . . " *United States v. Sisson*, 399 U.S. 267, 288 (1970); *see also United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (deciding that an affirmative defense "need not be negated in the indictment"). Instead, withdrawal falls within the jury's province. Indeed, *United States v. Arias* – the case primarily relied on by the Defendant – stands

---

[2] The Motion makes no arguments regarding the sufficiency of the Indictment. In any event, the Indictment is clearly sufficient as a matter of law as to the Defendant, as it: (i) contains the elements for both charged counts (conspiracy to commit health care fraud and to defraud the United States and pay and receive health care kickbacks); and (ii) alleges facts (including the Defendant's role in each conspiracy) sufficient to put her on notice as to the charges against her.

[3] In order to prove withdrawal in this Circuit, the Defendant: (1) must prove that she "has taken affirmative steps to defeat the objectives of the conspiracy," and (2) "must show either that [s]he made a reasonable effort to communicate these acts to [her] co-conspirators or disclosed the scheme to law enforcement authorities." *United States v. Arias*, 431 F.3d 1327, 1340 (11th Cir. 2005). Unless that burden is satisfied, "[a]n accused conspirator's participation is presumed to have continued until all objects of the conspiracy have been accomplished or until the last overt act has been committed by any of the conspirators." *Id.*

for the very proposition that withdrawal is a question of fact reserved for a jury.  431 F.3d 1327, 1340 (11th Cir 2005).  In *Arias*, the question before the Eleventh Circuit was whether the defendant was entitled to a *jury instruction* regarding withdrawal.  *Id.* at 1339-40.  In finding that the jury should be instructed on the issue of withdrawal in order to consider the defense, the Eleventh Circuit acknowledged that the issue falls within the jury's purview, not the Court's. *See id.* ("If the jury accepted his withdrawal defense, the statute of limitations would preclude conviction.").

Finally, since each of the offenses the Defendant is charged with involve fraud against the United States, the statute of limitations as to both Count 1 and Count 9 has been suspended by the Wartime Suspension of Limitations Act ("WSLA").  *See* 18 U.S.C. § 3287; *see also United States v. Pfluger*, 685 F.3d 481, 485 (5th Cir. 2012).  Given that the statute of limitations has been suspended, the Defendant's withdrawal arguments have been rendered moot by WLSA.

5

## **CONCLUSION**

For the forgoing reasons, the government respectfully requests that the Court deny the Motion.

          Respectfully submitted,

          WIFREDO A. FERRER
          UNITED STATES ATTORNEY

By:   /s/ Nicholas E. Surmacz
          Nicholas E. Surmacz
          Florida Special Bar No. A5501939
          Trial Attorney
          United States Department of Justice
          Criminal Division, Fraud Section
          1400 New York Ave., NW
          Washington, DC 20005
          Tel: (202) 445-9467
          Email: nicholas.surmacz@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Nicholas E. Surmacz, certify that the foregoing has been served on all attorneys of record in the above-captioned case, either via the CM/ECF electronic filing system or via email.

By:   /s/ Nicholas E. Surmacz
Nicholas E. Surmacz
Florida Special Bar No. A5501939
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., NW
Washington, DC 20005
Tel: (202) 445-9467
Email: nicholas.surmacz@usdoj.gov

Dated:   December 2, 2014