### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-20323-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

      Plaintiff,

vs.

**TIFFANY FOSTER**,

      Defendant.

_____/

### <u>REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS</u>

Tiffany Foster, by and through undersigned counsel hereby replies to the arguments raised by the Government in its Response to Ms. Foster's Motion to Dismiss:

The government sets forth two arguments in its response to Ms. Foster's Motion to Dismiss: First, that the issue is one of fact for the jury to decide and second, that the running of the statute of limitations has been tolled until five (5) years after the conflicts in Iraq and Afghanistan (the "War on terror") conclude.

**T**he motion to dismiss should be addressed pretrial because the allegations in the indictment do not contradict Ms. Foster's motion to dismiss.**

Section 3282 provides that "[e]xcept as otherwise provided by law, **no person shall be prosecuted, tried,** or punished for any offense, not capital, unless the indictment is found...within five years next after such offense shall have been committed." 18 U.S.C. § 3282 (emphasis added).  The right to be free from trial and prosecution is clear from the plain language of the statute. "Criminal statutes of limitation are to be liberally interpreted in favor of repose." <u>United States v. Marion</u>, 404 U.S. 307, 323 n.14 (1971). In enacting § 3282 Congress conferred more than just a right to avoid punishment; Congress explicitly conferred the right not

to be prosecuted or tried in the first place.  The fact that the appellate court can vacate a sentence after trial, therefore, does not safeguard the defendant's right not to be tried as enumerated in the statute.  This Court's consideration and granting of Ms. Foster's well taken motion will protect her right not to be *prosecuted or tried* in this matter because the statute of limitations has run.

Other than the naked assertion that "[t]he government disputes the assertions made by the Defendant, and intends to offer evidence at trial proving them to be false" (resp. at p.4), the government proffers no evidence that Ms. Foster continued on in the conspiracy after she sent the September 2005 letter to the owner of Hollywood Pavilion ("HP").  Furthermore, the government does not dispute the fact of the March 2008 debriefing Ms. Foster gave to the government in which she detailed her involvement with and knowledge of HP.  The government alludes to allegations in the indictment, but none of them contradict the facts set forth in Ms. Foster's motion because the only overt acts she is accused of occurred prior to her September 2005 withdrawal.

Immunity from trial is the essence of the statute of limitations.  Statutes of limitation are "the primary guarantee against bringing overly stale criminal charges." Marion, 404 U.S. at 322 (citation omitted). In both the civil and criminal arena, statutes of limitation provide certainty and "promote justice by preventing surprises through the revival of claims that have been allowed to slumber" too long. Id., at 323 n.14 (citation omitted).  Ms. Foster has set forth a *prima facia* case that she withdrew of the charged conspiracy at least five years in advance of her indictment.  The government must produce evidence to counter that argument or the case against Ms. Foster must be dismissed.  The majority of cases relied upon by the government to support its argument (resp. at pp.2-3), are not cases that dealt with motions to dismiss based upon the statute of limitations. United States v. Berdeal, 595 F. Supp. 2d 1326, 1334 (S.D. Fla. 2009) ("As a matter

of law, the defendants cannot be prosecuted under the Lacey Act for violating §§ 68B-21.003(1) and 68B-21.004(1)(a) of the Florida Administrative Code for possessing or selling snook legally caught in Nicaragua."); United States v. Salman, 378 F.3d 1266, 1267 (11th Cir. 2004) ("motion to dismiss the indictment contesting element of the charged offense); United States v. Torkington, 812 F.2d 1347, 1350 (11th Cir. 1987) (same).

The only case relied upon by the government which addressed a motion to dismiss based upon a statute of limitations argument is United States v. Gardley, 2013 U.S. Dist. LEXIS 127342 (D. Nev. Sept. 5, 2013).  In Gardley, defendant Marshall argued that he withdrew from the conspiracy more than five years before he was charged. Id., at 6.  Consistent with Ms. Foster's Motion to Dismiss here, the district court in Gardley recognized that it "may make preliminary findings of fact necessary to decide the legal questions presented by the motion, [it] may not invade the province of the ultimate finder of fact." Id., at 8 (citation omitted).  The resulting denial of the motion to dismiss makes perfect sense and would in no way prevent this Court from deciding Ms. Foster's motion because in Gardley, "approximately thirty specific transactions are listed chronologically as having occurred between August 25, 2005 and April 18, 2007 [in the indictment].  Accordingly, the five-year statute of limitations did not expire until April 18, 2012, three months after the Second Superseding Indictment was filed on January 11, 2012." Id., at 7.  The district court did have to resolve Mr. Marshall's motion to dismiss in Gardley because he alleged he withdrew from the conspiracy in or about December of 2006 (id. at 7), which was prior to at least one specified transaction listed in the indictment.  Unlike here, where Ms. Foster is not named in any overt act alleged to have occurred after her withdrawal in September of 2005, Mr. Marshall was charged with causing specific conduct after the date he alleged he withdrew. (See Superseding Indictment (DE114), United States v. Gardley, Case

2:10-cr-00236 (D. Nev.).)  Thus, there was a specific conflict between Mr. Marshall's allegation of withdrawal and the indictment.  Here, that is not the case because the government has failed to proffer any evidence that would defeat Ms. Foster's withdrawal defense.

### The wars are over, the statute of limitations has run.

> [A] statute of limitations reflects a legislative judgment that, after a certain time, no quantum of evidence is sufficient to convict.  And that judgment typically rests, in large part, upon evidentiary concerns--for example, concern that the passage of time has eroded memories or made witnesses or other evidence unavailable.  Indeed, this Court once described statutes of limitations as creating a presumption which renders proof unnecessary.

Stogner v. California, 539 U.S. 607, 615-616 (U.S. 2003) (internal citations omitted).

The United States argues that § 3282 has prevented the running of the statute of limitations applicable in this matter.  Should the government prevail in this argument, offenses that fall within the purview of 18 U.S.C. § 3287, which were complete on September 19, 2001 (the day after Congress enacted the Authorization for Use of Military Force ("AUMF") against "those nations, organizations or persons" responsible for the 9/11 attacks), could be prosecuted indefinitely.  This is because a necessary component of the government's argument is that the War on terror and conflict in Iraq (the AUMF for the second Iraq war was passed on October 12, 2002), have not terminated.  This would have the incredible effect of subjecting an individual who committed a crime involving fraud against the United States in 2001 (unrelated to the war effort) to prosecution 18 years later in December of 2019 for that crime *if and only if*, the government were to agree that the War on terror/conflict in Afghanistan and conflict in Iraq terminated today.  This is not what the Supreme Court has found Congress envisioned in enacting § 3287.

The most recent version of 18 U.S.C. § 3287 was amended in 2008, and provides that "[w]hen the United States is at war or Congress has enacted a specific authorization for the use

of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. 1544(b)), the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not...shall be suspended until 5 years after the termination of hostilities as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress." The government seems to urge that because neither President Bush nor President Obama issued a written proclamation that hostilities in Afghanistan and Iraq have terminated, the § 3287 is perpetually tolling the statue of limitations.

This Circuit has not addressed whether or not the termination of hostilities language in § 3287 requires a formal written Presidential proclamation, or whether it can be a verbal proclamation. The two circuit courts that have addressed the issue have found that it must be formal. See United States v. Pfluger, 685 F.3d 481, 485 (5th Cir. 2012) ("Since neither Congress nor the president met the formal requirements for terminating the WSLA's suspension of limitations as of May 2004 (nor yet to this date), we hold that § 3287 applies to Pfluger and accordingly that the Government's indictment in this case is valid.") cert. denied, 133 S. Ct. 1279 (U.S. 2013); United States ex rel. Carter v. Halliburton Co., 710 F.3d 171 (4th Cir. Va. 2013), cert. granted, Kellogg Brown & Root Servs. v. United States ex rel. Carter, 134 S. Ct. 2899 (U.S. 2014). However, those opinions are not binding in the Eleventh Circuit and run contrary to the Supreme Court's determination as to the proper interpretation of the scope of § 3287: "The Wartime Suspension of Limitations Act creates an exception to a long-standing congressional "policy of repose" that is fundamental to our society and our criminal law....The legislative history of this exception emphasizes the propriety of its conservative interpretation." Bridges v. United States, 346 U.S. 209, 215-216 (U.S. 1953).

The rational applied in United States v. Prosperi, 573 F. Supp. 2d 436 (D. Mass. 2008) is more persuasive, and should be followed by this Court.   In Prosperi, the defendants were prosecuted in connection with their acts of supplying substandard concrete to the "Big Dig" project in Boston, Massachusetts.   The defendants argued that substantive crimes alleged to have occurred prior to May 3, 2001 were time barred by the applicable 5-year statute of limitations because the indictment was returned on May 3, 2006.   The government countered that in light of the AUMF related to 9/11, which was passed on September 18, 2001, and the later AUMF passed for Iraq on October 10, 2002, the expiration of the statute of limitations was tolled until 3 years after those conflicts concluded.   Prosperi, 573 F. Supp. 2d at 439-41.   Because the indictment was filed over 5 years after the date upon which 82 of the substantive acts occurred, the Court indicated that it was called upon "to determine whether the United States is presently at war, and if so, with whom."   Thus, the focus of Prosperi was (1) whether or not the United States was "at War" within the meaning of § 3287 and (2) whether or not those wars were concluded.[1] With regard to the first question, the court determined that the Iraq and Afghanistan conflicts constituted "War" within the meaning of § 3287 and that § 3287 suspended the statute of limitation on the date Congress passed AUMFs for those conflicts - September 18, 2001 (Afghanistan) and October 7, 2001 (Iraq).   Id., 573 F. Supp. 2d at 455-56.   Concerning the termination of those wars, the court reasoned:

---

[1] In September of 2008, Congress amended § 3287 and inserted "or Congress has enacted a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. § 1544(b))," into the statute.   Thus, this motion focuses on the Prosperi court's reasoning as it applies to the termination of the Iraq and Afghanistan conflicts. This is not to say that Ms. Foster abandons the argument that § 3287 as it existed prior to 2008 did not cover wars that were not formally declared by Congress (the last was WWII), and that if applied to Ms. Foster, the subsequent amendment in September of 2008 of § 3287 would violate the *ex post facto* clause of the Constitution; Ms. Foster recognizes that this is the more difficult argument for her and that this Court need not reach the issue if it determines that the Afghan and Iraq wars ended on dates consistent with those found in Prosperi.

The tolling provisions of the Suspension Act apply "until three years after the termination of hostilities as proclaimed by the President or by a concurrent resolution of Congress." As the government posits, a strong case can be made, given the continuing expenditures and loss of life in Iraq and Afghanistan, that the United States remains at war.  It is nonetheless incumbent on the court, under the test it proposes, to identify a clear demarcation point at which the tolling provisions of the Suspension Act cease to run.  Traditionally, the end of a war is marked by the signing of a formal peace treaty.  However, formal surrenders like those of Germany and Japan at the end of World War II, like formal declarations of war, are the modern exceptions.  The end of more recent conflicts have been signaled by Presidential pronouncement or by the diplomatic or de jure recognition of a former belligerent or a newly  constituted government.  On July 27, 1953, for example, an Armistice Agreement with North Korea was followed by a proclamation by President Eisenhower that the "carnage of war is to cease and the negotiation of the conference table is to begin."

On December 22, 2001, the United States formally recognized and extended full diplomatic relations to the new government of Hamid Karzai.  That recognition signaled the cessation of a state of war with Afghanistan.  Accordingly, the statute of limitations with respect to the Afghan conflict, expired on December 22, 2004.  Similarly, on May 1, 2003, President Bush, while aboard the USS Abraham Lincoln, proclaimed that "[m]ajor combat operations in Iraq have ended. In the Battle of Iraq, the United States and our allies have prevailed. And now our coalition is engaged in securing and reconstructing that country.["]  Consequently, with regards to the Iraq conflict, the statute of limitations expired on May 1, 2006.

Id., 573 F. Supp. 2d at 454-55 (internal notes omitted).

A conclusion contrary to that of the Prosperi court leads to absurd results.  For example, assuming that this Court adopts a formalistic approach to application of the termination provision of § 3287, those wars remain ongoing because there has been no *written* proclamation that the wars have ended.[2]  This, despite the fact that all US Troops had withdrawn from Iraq in 2011, and that two governments have ruled Afghanistan post-Taliban.  Such a result would mean that for purposes of § 3287 the Citizens of the United States are faced with wars without end and statute of limitations that will never expire with regard to frauds alleged to have been committed

---

[2]  The 2008 amendment to § 3287 added language not considered by the court in Prosperi.  Specifically, "proclaimed by a Presidential proclamation, with notice to Congress," was added in place of "proclaimed by the President".  It is Ms. Foster's position that this change does not impact the reasoning of Prosperi or her argument in this motion.

against the United States.  This is entirely inconsistent with the fundamental notions of fairness and repose, and places Ms. Foster in a situation wherein she must defend herself against allegations centering on her conduct from 2005 - almost 9 full years prior to her indictment.[3]

Respectfully Submitted,

s/ Marshall Dore Louis

Marshall Dore Louis
Florida Bar No. 512680
SINCLAIR, LOUIS, HEATH,
NUSSBAUM & ZAVERTNIK, P.A.
Alfred I. duPont Building
169 East Flagler Street, Suite 1125
Miami, FL 33131
TEL: (305) 374-0544
FAX: (305) 381-6869
E-MAIL: mdl@sinclairlouis.com

---

[3] In light of the government's argument that the statute of limitations has been suspended by § 3287, undersigned counsel is preparing a separate motion to dismiss for pre-indictment delay.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on December 9, 2014, I filed the foregoing document with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Marshall Dore Louis

Marshall Dore Louis
Florida Bar No. 512680
SINCLAIR, LOUIS
& ZAVERTNIK, P.A.
Alfred I. duPont Building
169 East Flagler Street, Suite 1125
Miami, FL 33131
TEL: (305) 374-0544
FAX: (305) 381-6869
E-MAIL: mdl@sinclairlouis.com

## <u>SERVICE LIST</u>

**Nicholas E. Surmacz**
U.S Department of Justice
1400 New York Avenue, NW, 3rd Floor
Washington, DC 20005
202-445-9467
Email: nicholas.surmacz@usdoj.gov
(Via CM/ECF Electronic Notification)

*Attorneys for the United States of America*

**Brian H. Bieber**
Gray-Robinson
550 Biltmore Way
Penthouse Three A
Coral Gables, FL 33134
305-416-6880
Fax: 305-446-1766
Email: brian.bieber@gray-robinson.com

**Joel Hirschhorn**
GrayRobinson, P.A.
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
305-416-6880
Fax: 305-446-6887
Email: Joel.Hirschhorn@gray-robinson.com
(Via CM/ECF Electronic Notification)

*Attorneys for Barry Kaplowitz*

**Bruce Howard Lehr**
**Andrew Keith Levi**
Lehr, Fischer, Feldman, Levi, Mendez
1401 Brickell Ave.
Suite 910
Miami, FL 33131
(305) 377-1777
Email: blehr18@aol.com
       alevi@llmlawfirm.com
(Via CM/ECF Electronic Notification)

*Attorneys for Christopher Gabel*

**Martin Alan Feigenbaum**
Martin A. Feigenbaum
#5960
250 95th Street
Surfside, FL 33154-9998
305-323-4595
Fax: 305-854-6568
Email: Miamivicelaw@aol.com
 (Via CM/ECF Electronic Notification)

*Attorney for Melvin Hunter*

SINCLAIR, LOUIS & ZAVERTNIK, P.A.